UNITED STATES, PLAINTIFF *v.* DANTZLER LUMBER & EXPORT CO., A FLORIDA CORPORATION (A/K/A DANTZLER LUMBER & EXPORT CO., INC. A/K/A DANTZLER LUMBER AND EXPORT CO. A/K/A DANTZLER LUMBER & EXPORT CO. A/K/A DANTZLER LUMBER & EXPORT INC. A/K/A DANTZLER BUILDING SPECIALTIES, INC. A/K/A DANTZLER BUILDING SPECIALTIES DIV., INC.) AND ANTONIO D. GODINEZ, DEFENDANTS

Court No. 90–11–00600

(Dated June 25, 1993)

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, U.S. Department of Justice, Civil Division *(Patricia L. Petty)* for the plaintiff.
*Fotopulos, Spridgeon & Perez, P.A. (Thomas E. Fotopulos)* for the defendants.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* In conjunction with trial of this case, which the chief judge has ordered to commence on July 8, 1993 in Tampa, Florida, the defendants have noticed depositions of eleven witnesses listed in the parties' proposed pretrial order, to be taken in Curitiba, Parana, Brazil, commencing on June 29 through July 2, 1993. Each of the witnesses is apparently a Brazilian citizen and/or resident.

Plaintiff's counsel object and have interposed a motion for a protective order, arguing that the depositions "which were noticed after the period of discovery expired, are not in accordance with Brazilian law, and will create an undue delay of the trial." Plaintiff's Motion, p. 1. Counsel contend that the lawful procedure for taking depositions in Brazil entails letters rogatory, which the defendants have not obtained. Recognizing that this "lengthy process involves certification and authentication requirements, translation procedures, cooperation by the foreign courts, questions to be asked to the witnesses, and payment of costs to the host country"[1], they argue that the defendants are improperly extending the discovery period.

The court afforded the parties an opportunity on June 24, 1993 to present oral argument in support of and opposition to plaintiff's motion. In the light of the respective presentations, this court cannot, and therefore does not, find that the intent of the proposed depositions is delay of trial. On the contrary, defendants' counsel indicated at a pretrial conference on April 30, 1993 a desire to obtain such testimony in the interests of expediting the trial and minimizing the expense thereof. As for the requirements of Brazilian law, not only have the defendants submitted a written opinion of an attorney licensed to practice law in Curitiba to the effect that the procedures contemplated by them "are in full compliance

---

[1] Plaintiff's Motion, p. 4, n. 2.

with Brazilian law"[2], during oral argument the court granted plaintiff's application for leave to file a reply, appended to which is an affidavit of another Brazilian attorney. Paragraph 8 of his affidavit states:

> Instead of a letter rogatory, if the parties to the case agree and if the prospective witnesses in Brazil agree, it is possible to take depositions in Brazil in accordance with U.S. rules, but no recourse to a court exists in the event of controversy or dispute as a result of the deposition, and the Brazilian witness cannot be held liable for perjury. In my opinion such procedure, voluntarily agreed by all involved, in no way offends the public order or the sovereignty of Brazil. Depositions in this manner have been taken in Brazil.

Indeed, the rules of practice of the Court of International Trade, specifically Rule 28(b), do not require that depositions in foreign countries be taken pursuant to letters rogatory. Subparagraph (1) of that rule provides, for example, that such depositions may be taken "on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of the United States". This is the simple approach for which the defendants opt.

Be that as it may, the plaintiff continues to object. Moreover, its trial attorney indicates that the U.S. Department of Justice will not permit her to proceed to Brazil and that, even if it were to agree, the U.S. Department of State would have to clear any visit on official U.S. government business and would require an official passport, which counsel does not now have.

Given this posture on the part of the plaintiff, any benefit to be derived from attempting to obtain admissible testimony in Brazil in advance of trial is not discernible, and the court is therefore constrained to grant plaintiff's motion for a protective order: those depositions listed in defendants' amended notice of June 10, 1993 are thus hereby enjoined.

---

[2] Defendants' Response to Plaintiff's Motion for Protective Order, Exhibit 1, p. 2, para. 4 (English translation of Declaracao Jurada of Carlos Alberto Moro, sworn to June 23, 1993).